UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HAGERMAN,

       Plaintiff,

CASE NO. 15-10952
HON. DENISE PAGE HOOD

v.

MACOMB, COUNTY OF,
ANTHONY M. WICKERSHAM,
AMY FRANKS,
BRIAN PINGILLEY,
STEVEN MARSCHKE,
KEITH PETHKE,

       Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [#50]

**I.    BACKGROUND**

This matter is now before the Court on individual Defendants Deputies Steven Marschke ("Marschke"), Keith Pethke ("Pethke"), Brian Pingilley ("Pingilley"), and Amy Franks' ("Franks") Motion for Reconsideration filed on April 12, 2017. (Doc # 50) On March 29, 2017, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and/or Dismissal. (Doc # 48) For the reasons set forth below, the Court denies Defendants' Motion for Reconsideration.

1

## II. ANALYSIS

### A. Standard of Review

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Defendants' Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

### B. Palpable Defect

#### *1. Deliberate Indifference Analysis*

Defendants argue that the Court made a palpable error in its March 29, 2017 Order because the Court failed to apply both the objective and subjective prongs of the deliberate indifference analysis to each individual Defendant. Defendants again argue that, at worst, the conduct of each individual Defendant was negligent.

The Court finds that Defendants have not met their burden on a motion for reconsideration, as they have not demonstrated a palpable defect by which the Court has been misled. The Court did apply both the objective and subjective prongs of the deliberate indifference analysis to each Defendant. (Doc # 48, Pg ID 1032-44)

Through the instant Motion, Defendants merely re-hash the same arguments they have made before. Defendants argue again that Marschke and Pethke could not have formulated the subjective deliberate indifference to a substantial risk of harm with respect to Ryan Hagerman because they had nothing to do with Mark Cowans' ("Cowans") placement in the high-observation suicide-watch cell with Ryan Hagerman. Defendants argue again that Marschke and Pethke had no opportunity or means to prevent the harm that occurred because any housing decisions they made or could have made with respect to Cowans would have been

"vetoed" once the mental health unit assessed Cowans and made a housing determination. Defendants argue again that Pingilley and Franks had no reason to know of Cowans' propensities and were not given a reasonable opportunity to act or react in order to be found to have consciously disregarded a substantial risk of serious harm. A motion for reconsideration is not a vehicle to re-hash old arguments. *Sault Ste. Marie Tribe*, 146 F.3d at 374. The Court already considered and rejected these arguments and concluded that, *viewing the facts in the light most favorable to Plaintiff Deborah Hagerman* ("Hagerman"), a reasonable juror could conclude that Marschke, Pethke, Pingilley, and Franks were deliberately indifferent to the safety of Ryan Hagerman.

### 2. *Qualified Immunity and Clearly Established Right*

Defendants argue that the Court made a palpable error in its March 29, 2017 Order because the Court's identification of the clearly established right was overly broad.

The Court finds that Defendants have not met their burden on a motion for reconsideration, as they have not demonstrated a palpable defect by which the Court has been misled. Defendants argue again that there is no right for a detainee to be housed alone or isolated and continuously monitored. The Court already expressly considered and expressly rejected this argument. (Doc # 48, Pg ID 1030-31) The Court concluded that Hagerman asserted a deliberate indifference claim

regarding an inmate's right to be free from violence at the hands of his cellmate; that Ryan Hagerman was not housed alone and was not continuously monitored are two of the ways in which his right to be free from violence at the hands of his cellmate was allegedly violated.

### 3. *Proximate Causation*

Defendants argue that the Court made a palpable error in its March 29, 2017 Order because the Court overlooked the causation requirement in Section 1983 actions.

The Court finds that Defendants have not met their burden on a motion for reconsideration, as they have not demonstrated a palpable defect by which the Court has been misled. Again, Defendants merely re-hash the same arguments they have made before. Defendants fail to point to any fact that the Court did not already expressly consider it its May 29, 2017 Order. Defendants concede that the Court did acknowledge that Cowans was assessed by the mental health unit before being placed in the cell with Ryan Hagerman, and that Cowans and Ryan Hagerman remained together in the cell for 14 hours without incident before Cowans attacked and killed Ryan Hagerman. Nevertheless, the Court rejected Defendants' proximate causation arguments and found that Defendants had an opportunity to know of and disregard the risk of harm to Ryan Hagerman, a specifically identifiable potential victim. The Court concluded that, *viewing the*

*facts in the light most favorable to Hagerman*, a reasonable juror could conclude that the individual Defendants did have knowledge of a specific risk of harm to an identifiable individual, and that their conduct rose to the level of deliberate indifference and not just mere negligence.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Doc # 50) is DENIED.


          S/Denise Page Hood  
          Denise Page Hood  
          Chief Judge, United States District Court

Dated: June 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2017, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry  
          Case Manager